IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WESLEY DEAN MERRILL,<br><br>Defendant. | CR 21–7–BLG–DLC<br><br><br><br>ORDER |

Before the Court is Defendant Wesley Dean Merrill's Motion for Early Termination of Supervision. (Doc. 77.) The United States does not object. (*Id.* at 1.) United States Probation Officer Nicholas Buiciman does not object. (*Id.*) For the reasons below, the Court grants the Motion.

**Background**

On September 22, 2021, Defendant was sentenced for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Doc. 65.) The Court sentenced Defendant to a custodial term of 54 months, followed by five years of supervised release. (*Id.* at 2–3.) Defendant began serving his term of supervised release on October 30, 2023. (Doc. 78 at 1–2.)

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant has served approximately 25 months of supervision, so he is eligible for early release. Defendant argues that the § 3553(a) factors support early release for several reasons. He has worked full time for the past two years and lived in a residence with his wife and children. (Doc. 78 at 3.) Defendant completed RDAP while incarcerated and also completed a 4-month aftercare

program following his release from custody. (*Id.*) In his spare time, Defendant enjoys camping and hiking with his family, as well as going to the gym. (*Id.*) Importantly, Defendant has not violated the terms of his supervised release.

Based on Defendant's commitment to sobriety and his consistent employment, the Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 77) is GRANTED. Wesely Dean Merrill's term of supervised release is TERMINATED as of the date of this Order.

DATED this 18th day of November, 2025.

Dana L. Christensen, District Judge
United States District Court